THE HONORABLE, THE SENATE Legislature
By 1973 Senate Resolution 33 you have asked for my opinion concerning the composition of the joint committee on finance, the board on government operations, the joint committee for review of administrative rules, the joint legislative council, and the committee to visit state properties. The question asked is whether the statutory membership of these committees constitutes a denial of the equal protection and equal representation provisions of the United States and the Wisconsin Constitutions or Art. IV, sec. I of the Wisconsin Constitution.
The United States Constitution's Fourteenth Amendment guarantee of equal protection of the laws includes the right of voters to have equal representation in the state legislature. In Reynoldsv. Sims (1964), 377 U.S. 533, 565, 84 S.Ct. 1362, 12 L.Ed.2d 506, the court said:
 ". . . Full and effective participation by all citizens in state government requires, therefore, that each citizen have an equally effective voice in the election of members of his state legislature." (Emphasis added.)
The guarantee of the Wisconsin Constitution is substantially identical to that of the federal constitution. See State ex rel.Reynolds v. Zimmerman (1964), 22 Wis.2d 544, 564,126 N.W.2d 551 . *Page 174 
Legislative committees, therefore, would come within the "one man-one vote" principle if and only if they exercised legislative power. The Wisconsin Constitution, however, provides that all legislative power is vested in the senate and the assembly. Art.IV, sec. 1, Wis. Const. Thus, if any such committee were granted legislative powers, those powers would be null and void as constituting an unconstitutional delegation of legislative powers.
It follows that the precise question raised by 1973 Senate Resolution 33 is whether any of the named committees have been given legislative powers.
I have this day issued my opinions in response to 1973 Assembly Resolutions 44 and 58 that the joint committee for review of administrative rules has been unconstitutionally given the power to suspend administrative rules. The premise to those opinions is that a law, which includes a valid administrative rule, can be voided only if the legislature makes presentment of a bill to the Governor.
The joint committee on finance is established by sec. 13.09, Stats. This committee may appoint a subcommittee to "act" on bills not exceeding $10,000 and claims not exceeding $2,500, but the "act" is only recommendatory since sec. 13.09 provides:
 ". . . The subcommittee shall meet and hold hearings at the direction of the committee and report its recommendations to the committee . . . ." (Emphasis added.)
The committee's own power as to federally aided programs is to make a recommendation to the legislature. Sec. 13.095, Stats. Further, the committee has only recommendatory powers as to the fiscal needs of veterans housing (sec. 45.355, Stats.) and as to state revenues and appropriations (sec. 16.48, Stats.).
The Board on Government Operations (BOGO) is given power to supplement appropriations. Section 13.58 (2), Stats., provides:
 "[BOGO] is authorized to supplement the appropriation of any department, board, commission or agency, which is insufficient because of unforeseen emergencies or insufficient to accomplish the purpose for which made, if the board finds:
"(a) That an emergency exists; *Page 175 
"(b) That no funds are available for such purposes;
 "(c) That the purposes for which a supplemental appropriation or transfer is requested have been authorized or directed by the legislature."
The power of supplemental appropriation is not the power to impose a tax or similarly to raise revenues. It is the power to draw on already raised revenues to aid in the fulfillment of an already declared legislative objective upon finding the facts as to an emergency, the unavailability of funds, and the proposed use of the funds as fitting within the legislative authorization. BOGO is prevented from granting monies for purposes not legislatively authorized. See 43 OAG 202 (1954). Although BOGO's powers contain an element of discretion, see 58 OAG 174, 178 (1969), it is my opinion that such discretion is sufficiently confined to the implementation of laws rather than the creation of laws so that there is no unconstitutional delegation of legislative power. See State ex rel. Board of Regents v.Zimmerman (1924), 183 Wis. 132, 140-141, 197 N.W. 823.
This conclusion is equally valid with respect to BOGO's power to transfer funds. For such funds can be transferred only if "legislative intent will not be changed." Sec. 13.58 (2a), Stats.
The powers of the joint legislative council are clearly recommendatory only. See sec. 13.81 (3), Stats. The joint legislative committee to visit state properties is given the power to visit and inspect all state properties. Sec. 13.47 (2), Stats. Such power does not entail the power to make a law.
In summary, then, it is my opinion that none of these committees is invalid by virtue of the one man-one vote principle inasmuch as they do not, and indeed cannot, possess legislative powers. The only exception is the joint committee for review of administrative rules which has been unconstitutionally delegated the legislative power to suspend administrative rules, as is more fully explained in my answer to 1973 Assembly Resolution 58. As to this committee, the invalidity follows from the delegation of a legislative power. Therefore, it is unnecessary to answer whether the composition of the committee accords with the one man-one vote principle.
RWW:CDH *Page 176